## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| Jeremy Diugosh, | : |
| Plaintiff, | : Civil Action No.:  5:13-cv-00722 |
| v. | : |
| DirectBuy, Inc. of San Antonio, | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiff, Jeremy Diugosh, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      This Court has jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

4.      The Plaintiff, Jeremy Diugosh ("Plaintiff"), is an adult individual residing in San Antonio, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      The Defendant, DirectBuy, Inc. of San Antonio ("DB"), is a business entity with an address of 12663 Silicon Drive, San Antonio, Texas 78249 and is a "person" as defined by 47 U.S.C. § 153(10).  As complained of herein, DB runs a telemarketing operation to advertise and

sell memberships at the DB furniture store.  The operation consists of calls, placed by DB directly and by third party companies acting on its behalf and direction, made with an automatic dialer to Plaintiff's cellular telephone.

## FACTS

6.      The calls to the Plaintiff began in or around January 2013.

7.      DB placed as many as three (3) calls daily to Plaintiff's cellular telephone number xxx-xxx-4851.

8.      Upon information and belief, each of the aforementioned calls was placed using an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice.

9.      The calls are made using a predictive dialer which is a computer system which calls set numbers at set intervals.

10.      When an individual, Plaintiff here, answers the phone the computer system routes the call to a live person who makes a pitch to joining DB.

11.      Plaintiff has no prior business relationship with DB and never provided his consent to be contacted on his cellular telephone.

12.      Plaintiff was unable to manually request that DB cease all calls as DB did not provide an "opt-out" option on their ATDS calls.

13.      During numerous conversations with live representatives, Plaintiff requested DB remove his name from the calling list and cease all calls to his cellular telephone.

14.      Despite such requests, DB continued to hound Plaintiff with ATDS telephone calls.

15.      The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.      Defendant's calls to Plaintiff's cellular telephone were not for "emergency

purposes."

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Without Plaintiff's express consent, Defendant placed automated calls to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19.     As such, each automated call placed to Plaintiff without his consent is a knowing and/or willful violation of the TCPA, and is therefore subject to treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     In the alternative, as a result of each negligent automated call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.     Statutory damages of $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

2.     Treble damages for each violation of the TCPA determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3.     Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 13, 2013

                                   Respectfully submitted,

                                   By:  *  /s/ Sergei Lemberg*           

                                   Sergei Lemberg, *Attorney-in-Charge*
                                   Connecticut Bar No. 425027
                                   LEMBERG & ASSOCIATES L.L.C.
                                   1100 Summer Street, 3rd Floor
                                   Stamford, CT 06905
                                   Telephone: (203) 653-2250
                                   Facsimile:  (203) 653-3424
                                   E-mail: slemberg@lemberglaw.com
                                   Attorneys for Plaintiff