# In the United States District Court for the Western District of Texas

| | |
|---|---|
| **JEREMY DIUGOSH** § | |
| § | |
| **v.** § | |
| § | SA-13-CV-722-XR |
| **DIRECTBUY, INC. OF SAN ANTONIO** § | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss (docket no. 6).

### Background

In his Original Complaint, Plaintiff alleges that in January 2013 he began to daily receive as many as three automatic telephone dialing system (ATDS) calls to his cellular telephone number. When he answered the phone the computer system routed the call to a live person who made a sales pitch to join DirectBuy (DB). Plaintiff alleges that he has no prior business relationship with DB and never provided his consent to be contacted on his cellular telephone. Plaintiff further alleges that he was unable to manually request that DB cease all calls as DB did not provide an "opt-out" option on their ATDS calls. He subsequently requested that DB remove his name from the calling list and cease all calls to his cellular telephone, but despite his request the phone calls continued.

Plaintiff alleges that this conduct violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227, et seq.

### II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id*. at 556. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

## Defendant's motion to dismiss

Defendant argues that Plaintiff's claim lacks plausibility because the Original Complaint fails to allege that Plaintiff was charged for the telephone calls at issue in this case.

Defendant relies upon the language of 47 U.S.C. § 227(b)(1)(A) which reads:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
> (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

Defendant also relies upon the Supreme Court's opinion in *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012) which states that "the Act makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call." *Id*. at 745.

Plaintiff argues that the statute's language does not require that he be charged for the subject calls. Plaintiff relies upon *Iniguez v. The CBE Group*, --- F.Supp.2d ----, 2013 WL 4780785 (E.D. Cal. Sept. 5, 2013) and other cases[1] to support his argument. In *Iniguez*, in denying a motion to dismiss, the Court held:

> The plain text of the TCPA supports Plaintiff's position. The applicable statutory provision prohibits calls "to any telephone number assigned to a ... cellular telephone service, ... or any service for which the called party is charged for the call[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Since this section is written in the disjunctive, a call is prohibited if it is made to a cellular number or if it is made such that the receiving party is charged for the call. Based on the plain language of the statute, Plaintiff's allegations are sufficient without an allegation that she was charged for Defendant's calls to her cellular telephone. Blair v. CBE Group Inc., No. 13–CV–134–MMA(WVG), 2013 WL 2029155, 4, Slip Copy (S.D. Cal. May 13, 2013).

---

[1] *See Manfred v. Bennett Law, PLLC*, 2012 WL 6102071 (S.D. Fla. 2012) ("the Court notes that the language of the statute makes it apparent that Plaintiff need not allege that he was charged for the call if he has alleged that the call was made to his cell phone. Plaintiff has alleged that the calls were made to his cell phone.); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D. Ill. 2012) ("Another court in this district concluded that the phrase 'for which the called party is charged for the call' only modifies the phrase 'any service' and that therefore the TCPA is violated even if the called party does not incur a charge that is specifically linked to the automated call. *Lozano v. Twentieth Century Fox Film Corp*., 702 F. Supp. 2d 999, 1009–10 (N.D. Ill. 2010). The statute, read as a whole, supports this conclusion. *See Abbas v. Selling Source, LLC*, No. 09–3413, 2009 WL 4884471, at *3 (N.D.Ill.Dec.14, 2009). Congress amended the TCPA in 1992 to provide that the Federal Communications Commission ("FCC") may issue rules or orders that 'exempt ... calls to a telephone number assigned to a cellular telephone service that are not charged to the called party.' *See* 47 U.S.C. § 227(b)(2)(C). If the TCPA only prohibited calls to cell phones that result in a charge to the called party, then it would be unnecessary to create exemptions for uncharged calls. *Abbas*, 2009 WL 4884471, at *3. 'Courts avoid such ineffective statutory construction.'").

Defendant responds to this argument citing *Lee v. Credit Management, LP*, 846 F. Supp. 2d 716 (S.D. Tex. 2012).[2] In *Lee*, the defendant argued in a motion for summary judgment that the TCPA did not apply because Lee produced no evidence that he was charged for the calls it made to his cellular phone. The Court disagreed stating that Lee stated that he paid a third-party provider for cellular phone services. The Court held this was sufficient to defeat the motion for summary judgment stating: "Normally, this is sufficient to show that an individual was charged for the calls. See In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC Rcd. 559, 562 (F.C.C.2007) (noting that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used")." *Id*. at 729.[3]

## Conclusion

For purposes of the motion to dismiss, this Court tends to agree with *Iniguez* and its conclusion that 47 U.S.C. § 227(b)(1)(A) is written in the disjunctive, and a call is prohibited if it is made to a cellular number or if it is made such that the receiving party is charged for the call. Accordingly, the motion to dismiss is denied. This Court, however, is aware that this issue has not been addressed by the Fifth Circuit and accordingly will entertain any motion for summary judgment once limited discovery is undertaken on this issue. Defendant's motion to dismiss (docket no. 6) is denied.

---

[2] Defendant also cites to *Shields v. Americor Lending Group, Inc*., 2007 WL 2005079 (Tex. App.-Houston [1st Dist. 2007, no pet.). In *Shields*, it was undisputed that Shields was not charged for the one call at issue and incurred no related charges in connection with Direct Link's call. Other than mentioning this fact, however, the legal issue of being "charged" was not addressed in the opinion.

[3] The statute appears to prevent automated phone calls to cellphones, pagers, and any other type of service in which the customer typically pays for calls. In terms of regulating a defendant's conduct, a defendant would not know if the owner of the cell number has unlimited minutes or pays for each call, or whether the phone number is part of a family plan paid for by another family member. Therefore, it makes more sense to conclude that Congress was intending to prevent automated calls to all cell phones, pagers, and similar types of services, rather than having a defendant's liability determined after-the-fact based on how a plaintiff chooses to pay for calls under such services.

SIGNED this 24th day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE