# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **JEREMY DIUGOSH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | Civil Action No.  SA-13-CA-722-XR |
| ) | |
| **INDASIA, INC. d/b/a DIRECTBUY OF** ) | |
| **SAN ANTONIO, ROBERT SHIPPY,** ) | |
| **AND KYLE B. LICHLYTER,,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On this date, the Court considered the status of this case.

### Background

Plaintiff Jeremy Diugosh filed his Original Complaint on August 13, 2013 against Defendant Direct Buy, Inc. of San Antonio, alleging violations of the Telephone Consumer Protection Act. Defendant DirectBuy, Inc. of San Antonio filed a 12(b)(6) motion to dismiss on September 11, 2013. *See* docket no. 6.  On October 24, this Court issued an Order denying the motion to dismiss. DirectBuy, Inc. of San Antonio thereafter filed an Answer on November 4, 2013 and a motion for summary judgment on November 10, 2013.  The motion for summary judgment asserts that "'DirectBuy, Inc. of San Antonio' does not exist as an entity and it is factually and legally impossible for it to be responsible for Plaintiff's claimed injuries."  The motion further asserts that the corporation that used the assumed name "DirectBuy of San Antonio" ceased to exist as of December 31, 2009, and therefore could not have made the calls alleged by Plaintiff in 2013.

On November 25, Plaintiff filed an Amended Complaint, purporting to do so as of right under Rule 15(a)(1)(B). *See* docket nos. 19 & 20.  The Amended Complaint drops DirectBuy, Inc. of San Antonio as a defendant and substitutes Defendants Indasia, Inc. d/b/a DirectBuy of San Antonio; Robert Shippy (President of Indasia, Inc.); and Kyle B. Lichlyter (Vice President of Indasia,

Inc.). On November 27, 2013, Plaintiff filed a response in opposition to the motion for summary judgment, asserting that it is moot and should be denied because Plaintiff has amended the Complaint to name the entity doing business as DirectBuy of San Antonio – Indasia, Inc.

**Analysis**

The Court notes initially that Plaintiff was required to obtain leave of Court to amend his complaint. Plaintiff purported to amend his complaint as of right pursuant to Rule 15(a)(1)(B). However, that Rule allows a plaintiff to amend as of right within "21 days after service of a responsive pleading *or* 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." FED. R. CIV. P. 15(a)(1)(B) (emphasis added). Twenty-one days after service of the 12(b) motion was October 2, 2013, and twenty-one days after service of the answer was November 25, the date on which Plaintiff filed his Amended Complaint. However, the earlier date, October 2, 2013, was the deadline under the plain language of the Rule. Accordingly, Plaintiff could filed his Amended Complaint only with the opposing party's written consent or the Court's leave. FED. R. CIV. P. 15(a)(2). Plaintiff did not obtain written consent, and therefore leave of Court is required. The Court will therefore imply a motion for leave to amend to join the three new defendants.

Although leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court has considered these factors and finds that leave to amend should be given to add the new parties.

With regard to Defendant DirectBuy, Inc. of San Antonio, the Court notes that amending pleadings is not the proper procedure for dismissing a defendant. Federal Rule of Civil Procedure 41 provides that the plaintiff may dismiss an action without a court order by filing either a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal signed by all parties who have appeared. FED. R. CIV. P. 41(a)(1)(A).

Because Defendant DirectBuy, Inc. of San Antonio has filed both an answer and a motion for summary judgment, Plaintiff may not unilaterally dismiss his claims against that entity without a court order. FED. R. CIV. P. 41(a)(2) (except as provided by subsection (a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper). Therefore, the Court will imply a motion to dismiss DirectBuy, Inc. of San Antonio without prejudice pursuant to Rule 41(a)(2).

Rule 41(a)(2) is designed to protect non-movants from prejudice occasioned by unconditional dismissals. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 (5th Cir. 2002). Therefore, "faced with a Rule 41(a)(2) motion, the district court "should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.* at 317. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options; it can deny the motion outright or it can craft conditions that will cure the prejudice.

The Court finds no legal prejudice in an unconditional dismissal. Prejudice may be found when the plaintiff does not seek dismissal until a late stage and the defendant has exerted significant time and effort. "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Products Liability Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). In such cases, the district court may, in its discretion, refuse to grant a voluntary dismissal. *Elbaor*, 279 F.3d at 317 n.3 (citing *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)); *see also Robles v. Atlantic Sounding Co.*, 77 F. App'x 274 (5th Cir. 2003).

Although DirectBuy, Inc. of San Antonio has incurred legal expenses, this case is at an early stage, and it was Defendant's choice to initially file a 12(b)(6) motion before asserting that Plaintiff had sued the incorrect entity. Plaintiff did not engage in undue delay in seeking to dismiss the claims against DirectBuy, Inc. of San Antonio, but did so within a reasonable time after Defendant filed its motion for summary judgment. In addition, dismissal without prejudice does not put DirectBuy, Inc. of San Antonio at risk of repeat litigation, since Plaintiff would have no reason to sue this entity again, and thus a dismissal without prejudice would be as beneficial to it as a dismissal with prejudice. Accordingly, the Court permits Plaintiff to dismiss the claims against DirectBuy, Inc. of

San Antonio without prejudice.

## Conclusion

Plaintiff's Amended Complaint, being construed as a motion for leave to amend the complaint and a motion for leave to dismiss his claims against DirectBuy, Inc. of San Antonio without prejudice, is GRANTED. The Amended Complaint has already been filed. All claims against Defendant DirectBuy, Inc. of San Antonio are DISMISSED WITHOUT PREJUDICE. Defendant's motion for summary judgment (docket no. 17) and motion to take judicial notice (docket no. 18) are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 2nd day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE